NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4753-15T1

WENTWORTH AT CRYSTAL SPRINGS
COUNCIL ASSOCIATION, INC.,

 Plaintiff-Appellant,

 v.

LAKALE T. GAGE and LATASHIA
GAGE,

 Defendants-Respondents.

____________________________________________

 Submitted September 12, 2017 – Decided September 19, 2017

 Before Judges Fisher and Fasciale.

 On appeal from the Superior Court of New
 Jersey, Law Division, Sussex County, Docket
 No. DC-000095-16.

 Ansell Grimm & Aaron PC, attorneys for
 appellant (Breanne M. DeRaps and Richard B.
 Linderman, on the brief).

 Lakale T. Gage and Latashia Gage, respondents
 pro se.

PER CURIAM

 Plaintiff Wentworth At Crystal Springs Council Association,

Inc., commenced this Special Civil Part collection action against
defendants Gage, the owners of a condominium unit within the

plaintiff-association. The association's two-page complaint

alleged defendants owed $3610 in unpaid assessments and $3139.50

in counsel fees.

 When the parties appeared for trial, defendants maintained

the stance they took from the outset: the assessments were due but

the counsel fees sought were unreasonable. By the time of trial,

even though the reasonableness of the counsel fee was the only

contested issue, the association had not provided defendants with

a statement or invoice quantifying those fees. Rather than hear

testimony, the trial judge directed the association to provide a

certification of services, and he allowed defendants an

opportunity to respond. For reasons expressed in a cogent written

opinion, the judge awarded the association $3610 in unpaid

assessments and only $1500 in counsel fees. The judge determined

that plaintiff engaged in numerous unnecessary services and sought

reimbursement for items that were "inflated" or "excessive." He

observed that the fees requested had almost doubled since the

action's commencement even though defendants had never disputed

their obligation to pay the assessments. The judge also viewed the

counsel fee sought as disproportionate to the assessments upon

which the suit was based. The judge concluded that the

association's counsel fee request was unreasonable and awarded

 2 A-4753-15T1
$1500. The judge also denied the association's reconsideration

motion for reasons expressed in another written opinion, which

contained an additional analysis of the award sought.

 In appealing, the association argues the judge relied on

incorrect legal principles, failed to apply the business judgment

rule, and arbitrarily reduced the counsel fee request. We find no

merit in these arguments and affirm both the initial judgment and

the order denying reconsideration for the reasons expressed by

Judge David J. Weaver in his thorough and well-reasoned written

opinions.

 Affirmed.

 3 A-4753-15T1